UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

**FEB 2 7 2024**

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:23CR00527 RLW |
| | ) |
| MICHAEL HOLMES, | ) |
| | ) |
| Defendant. | ) |

## SUPERSEDING INFORMATION

The United States Attorney charges:

## COUNT 1

### (Bank Fraud)

A.  **Financial Institution**

1.  At all times relevant to the indictment, St. Louis Community Credit Union was a federally insured financial institution with assets insured by the National Credit Union Association.

B.  **The Scheme to Defraud**

2.  Between on or about March 28, 2023 and continuing to on or about October 3, 2023, within the Eastern District of Missouri and elsewhere, the defendant,

### MICHAEL HOLMES,

being aided, abetted, counseled, and induced by persons known to the Grand Jury did participate in a scheme and artifice to defraud and to obtain moneys, funds, and assets owned by and under the custody and control of a federally insured financial institution by means of false and fraudulent pretenses and representations.

1

3.  The scheme and artifice to defraud was in substance as follows:

a.  It was part of the scheme and artifice to defraud that Defendant submitted a false and fraudulent motor vehicle application to St. Louis Community Credit Union seeking financing for the purchase of a 2021 Nissan Armada vehicle identification number JN8AY2BA3M9370315 with a retail value of $43,825 from Exotic Escape Rental & Sales in St. Charles, Missouri.

b.  It was further part of the scheme and artifice to defraud that Defendant fraudulently claimed to St. Louis Community Credit Union that he earned $6,533 a month as a car sales manager and that his expenses totaled $213 a month.

c.  It was further part of the scheme and artifice to defraud that Defendant falsely claimed to have been employed as a car sales manager with a dealership located in St. Louis County, Missouri since March 13, 2019.

d.  It was further part of the scheme and artifice to defraud that Defendant submitted to St. Louis Community Credit Union a counterfeit W-2 form as support of his fraudulent claims of earnings in tax year 2022 in the amount of $78,641.

e.  It was further part of the scheme and artifice to defraud that Defendant failed to secure St. Louis Community Credit Union's lien on the 2021 Nissan Armada and used the loan proceeds for his personal benefit and for the benefit of others known to the Grand Jury.

2

4.    On or about March 29, 2023, in the Eastern District of Missouri, the defendant,

**MICHAEL HOLMES,**

being aided, abetted, counseled, and induced by persons known to the Grand Jury did participate in the scheme and artifice to defraud as set forth above, in that **MICHAEL HOLMES** assisted persons known to the Grand Jury in cashing fraudulently obtained check number 00175240 drawn on an account of St. Louis Community Credit Union in the amount of $39,443.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

### (Wire Fraud)

A.    **Introduction**

5.    The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

6.    To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or

3

paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

7.     PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia and Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

8.     The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

**B.     The Scheme to Defraud**

9.     Beginning on or about April 5, 2021, and continuing through on or about August 23, 2021, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL HOLMES,**

devised, and intended to devise, a scheme and artifice to obtain money and to defraud the federal government by means of materially false statements and representations, to wit, by submitting false and fraudulent information to the Small Business Administration, an agency of the United States, in an effort to secure a PPP loan from a federal government program for which he was ineligible.

4

10. It was part of the scheme and artifice to defraud and to obtain money and property that:

a. Defendant falsely asserted on SBA Form 2483-C titled "Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income" the following:

    i. Defendant was an independent contractor;

    ii. His gross income for the tax year of 2020 was $65,232;

    iii. Defendant sought a PPP loan to cover payroll costs, rent/mortgage interest, utilities, covered operations expenditures, and covered supplier costs.

b. In completing an electronic PPP Fast Lane Application, Defendant falsely claimed that he operated Michael Holmes dba MH Property Management and Construction at 14805 Charlotte Meadows Court, Florissant, Missouri beginning in 2017 when, in fact, the Missouri Secretary of State fails to reflect the registration of any business by that name in the State of Missouri.

c. Pursuant to funding instructions provided by Defendant, the Small Business Administration and its representatives electronically transmitted $13,590 in federal funds into Defendant's Navy Federal Credit Union account.

d. Defendant used the proceeds of the PPP loan that was electronically deposited into his Navy Federal Credit Union for personal expenses.

5

B.    **The Wire Transmission**

11.    On or about April 5, 2021, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL HOLMES,**

for the purpose of executing the above-described scheme to defraud, did cause to be transmitted, by means of interstate wire transmissions to servers of the Small Business Administration which are located outside the Eastern District of Missouri, certain writings, signs, signals, pictures, and sounds, to include the electronic transmission of a fraudulent PPP loan application.

In violation of Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**

The United States Attorney further finds by probable cause that:

1.    Pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 1343 and 1344, upon conviction of an offense in violation of Title 18, United States Code, Sections 1343 and 1344, as set forth in Counts 1 and 2, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation(s) and any personal property used or intended to be used to commit the offense.

2.    Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations set forth in Counts 1 and 2.

3.    If any of the property described above, as a result of any act or omission of the defendant(s):

    a.    cannot be located upon the exercise of due diligence;

6

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Respectfully submitted,
SAYLER A. FLEMING
United States Attorney

/s/Tracy L. Berry
TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

7

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Tracy L. Berry, Assistant United States Attorney for the Eastern District of Missouri,

being duly sworn, do say that the foregoing information is true as I verily believe.

/s/ Tracy L. Berry
TRACY L. BERRY 014753 TN

Subscribed and sworn to before me this 27th day of February 2024.

CLERK, U.S. DISTRICT COURT

By:
DEPUTY CLERK