UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 4:23CR00527 RLW |
| | ) | |
| | ) | |
| MICHAEL HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant, MICHAEL HOLMES, represented by defense counsel, Paul Sims, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the superseding information, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's fraudulent submission of a loan to the United States Small Business Administration between on or about April 5, 2021 and on or about August 23, 2021 as well as his participation in a scheme to commit bank fraud between on or about March 28, 2023 and on or about October 3, 2023 and, of which the

Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.  The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3. ELEMENTS:**

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1344, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)     that the defendant and others knowingly executed and attempted to execute a scheme to defraud St. Louis Community Credit Union, a financial institution, or obtain money, funds, and assets owned by and under the custody and control of the financial institution by means of false and fraudulent pretenses and representations;

(2)     that the defendant acted with the intent to defraud; and,

(3) .    that the financial institution was insured by the United States Government.

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 1343, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

2

(1)     that the defendant knowingly participated in the scheme to defraud or to obtain money or property by means of false pretenses, representations or promises;

(2)     that the defendant acted with the intent to defraud; and

(3)     that for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 13, 2020, President Trump declared a national emergency pursuant to Section 401 of the Stafford Act due to the Covid-19 pandemic. Shortly thereafter, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was enacted in March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic. The CARES Act authorized the payment of federal benefits as a result of a declaration under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191). One source of relief provided for in the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP").

While a resident of the Eastern District of Missouri, Defendant agrees and admits that on April 5, 2021, he electronically transmitted an SBA Form 2483-C titled "Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income" to Capital Plus Financial, LLC, a servicer of United States Small Business Administration ("SBA") PPP loans. In

3

applying for the PPP loan, Defendant falsely claimed that he was an independent contractor who generated gross income of $65,232 in 2020 and operated his business from 14805 Charlotte Meadows Court, Florissant, Missouri since 2017. According to information Defendant provided in the application process, he operated a handyman and contracting service doing business as MH Property Management and Construction. Defendant also electronically transmitted a fraudulent IRS Schedule C form that claimed expenses of $30,487 in 2020 with a net profit of $24,176.

Defendant further agrees and admits that his representations to Capital Plus Financial, LLC, were false and fraudulent as he did not operate MH Property Management and Construction and earn gross income of $65,232 in 2020. He also agrees and admits that he knowingly made the false statements in order to fraudulently obtain PPP funds from the SBA. Accepting Defendant's representations as true, Capital Plus Financial, LLC, electronically transmitted $13,950 into Defendant's Navy Federal Credit Union account on April 16, 2021 through use of SBA Loan Number 8561948705.

Defendant further admits and agrees that the loan disbursement as well as the submission of loan applications and supporting documents were transmitted through interstate wires between Defendant, Capital Plus Financial, LLC, and the SBA using servers of the Small Business Administration that are located in Virginia and Oregon.

Almost two years later, in March 2023, Defendant agreed with another individual ("Participant #1") to obtain money in the care and custody of St. Louis Community Credit Union by purporting that he would be purchasing a 2021 Nissan Armada from Exotic Escape Rental & Sales ("Exotic Escape"). Unbeknownst to St. Louis Community Credit Union, Exotic Escape had ceased operations and lost its license to buy and sell cars in August 2022. Nevertheless, Defendant

4

and Participant #1 appropriated the name of Exotic Escape and falsely claimed that the Exotic Escape owned the 2021 Nissan Armada that was the subject of a motor vehicle loan submitted by Defendant.

In furtherance of the car loan scheme, on March 28, 2023, Defendant submitted a fraudulent motor vehicle loan application to the credit union in which he claimed that he earned $6,533 a month as a car sales manager and that he had been employed in that capacity since March 13, 2019. Defendant also provided the financial institution with a counterfeit W-2 form that falsely claimed that Defendant earned $78,641 in tax year 2022. Participant #1 produced the counterfeit W-2 form as well as a counterfeit bill of sale purporting to show Exotic Escape's purchase of the 2021 Nissan Armada from a St. Charles County car dealership.

Believing the representations of Defendant and the other individual to be true, and that the vehicle would act as security for the motor vehicle loan, the federally insured financial institution financed Defendant's purchase of the fictitious 2021 Nissan Armada and provided him with a check made payable to Exotic Escape Rental and Sales in the amount of $39,443.00 on March 28, 2023. Defendant agrees and admits that he gave the check to Participant #1 who endorsed it in the name of Exotic Escape. Having convinced a check cashing business that he owned Exotic Escape prior to his receipt of the check, Participant #1 instructed Defendant and a third individual to cash the endorsed check at the check cashing business. Defendant further agrees and admits that he received approximately $4,000 of the illegal proceeds after cashing the check with the third individual.

Defendant further agrees and admits that St. Louis Community Credit Union is a financial institution insured by the National Credit Union Association.

In total Defendant agrees and admits that he participated in two fraudulent schemes that

5

resulted in a total loss of $53,033 to the SBA and St. Louis Community Credit Union.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of conspiracy to commit bank fraud to which the defendant is pleading guilty in Count 1 is imprisonment of not more than 30 years, a fine of not more than $1,000,000.00, or both. The Court may also impose a period of supervised release of not more than 5 years.

In addition, the defendant fully understands that the maximum possible penalty provided by law for the crime of wire fraud to which the defendant is pleading guilty in Count 2 is imprisonment of not more than 20 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

## 6. U.S. SENTENCING GUIDELINES 2023 MANUAL:

The defendant understands that Counts 1 and 2 are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that the base offense level is *7* as found in Section 2B1.1(a)(1).

**(2) Chapter 2 Specific Offense Characteristics:** The parties submit that the following specific offense characteristics apply: *6 levels* should be added pursuant to Section 2B1.1(b)(1)(D) because the loss resulting from the offense was more than $40,000.00 but less than $95,000, *2 levels* should be added pursuant to Sections 2B1.1(b)(11)(B)(i) and (C)(i) because the

6

offense involved the use of an authentication feature and the unauthorized use of a means of identification unlawfully to produce or obtain any other means of identification; and *2 levels* should be added pursuant to Section 2B1.1(b)(12) because the offense involved conduct described in 18 U.S.C. § 1040. ~~The Defendant disagrees with the application of the enhancement as a matter of law.~~

**b.  Chapter 3 Adjustments:**

**Acceptance of Responsibility:**  The parties recommend that three levels should be deducted pursuant to Sections 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility, and has provided timely notification of an intent to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**c.  Estimated Total Offense Level:**  The parties estimate the total offense level is *14*.

**d.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen

7

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery and the guilty plea.

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the Defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining

8

to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.  As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d.  Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 for each felony count

for a total of $200.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f.  Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

    **g.  Forfeiture:** The Defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the entry of a forfeiture money judgment. The Defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the Defendant when it is issued and will be part of the sentence. The Defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The Defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged

third party owners. The Defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that Defendant was not given adequate notice of forfeiture in the charging instrument.

The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:** In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the

11

proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

12

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

13

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

_2/8/2024_
Date

_Jay L. Berry_
TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

_2/14/24_
Date

_C. J. Holmes_
MICHAEL HOLMES
Defendant

_2/4/24_
Date

_Paul Sims_ #52053C
PAUL SIMS, ESQ.
Attorney for Defendant

14